Duer, J.
It seems to me that this application is quite useless. No assignment is necessary to vest in the receiver all the right and title, legal or equitable, of the debtor, to his property and effects, (except his real estate) within this state, and it is such only that an order of sequestration would embrace. The title of the receiver becomes perfect, when he has given the requisite security, and it then operates, by relation, from the time that the order for his appointment was made. That order is per se le sequestration, and gives to the receiver all the necessary means for enforcing his rights. Where a third person is in possession of property of the debtor, which he refuses to deliver to the receiver, I see no reason why its delivery may not be compelled, under § 294 of the code. The filing of a complaint by the receiver, can only be necessary when a third person sets up an adverse title, and the necessity, in such a case, for the institution of a suit would not be removed by an order of sequestration. (Albany City Bank v. Schumacher, 1 Clarke, 278, 300; Porter v. Williams, 1 Cod. R. U. S. 144; Van Wyck v. Brady, 3 Code Rep. 157.) I decline to make the order.
The chief justice concurred.